

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,595-01

### EX PARTE ANTHONY DEMOND LEVELS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W98-69190-L(A) IN THE CRIMINAL DISTRICT COURT #5
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of aggravated sexual assault of a child and sentenced to seventy-five years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Levels v. State*, No. 05-00-00234-CR (Tex. App. — Dallas March 7, 2001) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* Tex. Code Crim. Proc. art. 11.07.

In a single ground for review, Applicant alleges that he has newly-available evidence of his actual innocence in the form of an affidavit from the complainant, recanting the accusations. On November 10, 2020, the trial court entered an order designating issues, and it appears that the trial court has scheduled a live evidentiary hearing. The district clerk prematurely forwarded this

application to this Court under Texas Rule of Appellate Procedure 73.4(b)(5). The application was forwarded before the trial court made findings of fact and conclusions of law.

We remand this application to the trial court to complete its evidentiary investigation, conduct an evidentiary hearing, and make findings of fact and conclusions of law.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: May 12, 2021
Do not publish